IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RAYMOND WASHINGTON, JR.,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:13-CV-3060-L** |
| § | |
| **SEARS LOGISTICS SERVICES, INC.,** § | |
| **ART ALMAZAN, and JEFFERY** § | |
| **WHITTAKAR,** § | |
| § | |
| Defendants. § | |

# ORDER

Before the court is Defendants Sears Logistics Services, Inc., Art Almazan, and Jeffery Whittakar's ("Defendants") Motion to Abate and to Compel Arbitration ("Motion") (Doc. 20), filed February 19, 2014. On February 26, 2014, the court referred this Motion to Magistrate Judge Paul D. Stickney for findings and recommendations. The magistrate judge entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on April 22, 2014, recommending that: (1) Defendants' Motion be granted; (2) the case be dismissed; and (3) Defendants' request for fees and costs incurred be denied. No objections to the Report were filed.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **accepts** the magistrate judge's findings and conclusions as those of the court. As the magistrate judge stated, whether Plaintiff is a transportation worker such that the exemption from the Federal Arbitration Act ("FAA") applies is quite besides the point. Even if Plaintiff is a transportation worker exempt from the FAA, the Arbitration Policy/Agreement ("Agreement") states, "[i]f the FAA is found not to apply, then this Agreement is enforceable under

the laws of the state in which Associate is employed." Def.'s App. 9.  Plaintiff worked for Sears Logistics Services, Inc., in Texas, and the Texas Arbitration Act does not exempt transportation workers' contracts from arbitration.  Therefore, the Texas Arbitration Act applies, and Plaintiff's claims shall be resolved by binding arbitration.  Accordingly, the court **accepts** the findings and conclusions of the magistrate judge and **grants** Defendants' Motion to Compel Arbitration.

All claims asserted by Plaintiff fall within the scope of the Agreement and are therefore subject to arbitration.  When a court determines that all claims are subject to arbitration, dismissal of the action with prejudice is appropriate and within the court's discretion.  *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (citations omitted).  The court therefore **rejects** the magistrate judge's recommendation that this action be dismissed without prejudice.  Accordingly, the court **dismisses with prejudice** this action.  The court **denies as moot** Defendants' Motion to Abate. Furthermore, Defendants' request for fees and costs incurred in filing this Motion are **denied**, as they have failed to provide the court with any authority supporting that award.  Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 23rd day of May, 2014.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge